IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **JUSTIN VITTO,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | NO. 5:16-CV-0174-MTT-CHW |
| **VS.** | : | |
| | : | |
| **Warden GLEN JOHNSON, et al,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

This case is currently before the Court due to Plaintiff's repeated failure to comply with the orders of this Court. On June 23, 2016, Plaintiff Justin Vitto was order to (1) submit a certified copy of his trust account statement to support his claim of indigence and (2) recast his statement of claims. *See* Order, June 23, 2016, ECF No. 7. Plaintiff was given twenty-one days to comply and warned that a failure to comply with an order of the court could result in the dismissal of his complaint. *Id.* The time allowed for compliance nonetheless expired without any response from Plaintiff. The United States Magistrate Judge thus ordered Plaintiff to show cause why his lawsuit should not be dismissed for failure to comply. *See* Show Cause Order, July 29, 2016 (ECF No. 8). Plaintiff was given fourteen days to respond to the Show Cause Order and advised that failure to do so would "result in the immediate dismissal of Plaintiff's Complaint, pursuant to Rule 41 of the Federal Rules of Civil Procedure," without further warning. *Id.*

The time for filing a response to the Show Cause Order has now passed; and

Plaintiff has not yet complied with either order of the Court.  The Court has in fact not received any correspondence from Plaintiff since his initial pleadings were docketed on May 12, 2016.

For these reasons, and because it does not appear that the relevant two-year statute of limitations will bar the re-filing of Plaintiff's claims,[1] Plaintiff's Complaint shall be **DISMISSED WITHOUT PREJUDICE** for his failure to comply and diligently prosecute his case.  See Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED** this 18th day of October, 2016.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT

---

1 According to his complaint, Plaintiff's claims arise out of events that occurred on or after May 5, 2016. In the State of Georgia, § 1983 claims have a two year statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 236 (1989), (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)); O.C.G.A. § 9-3-33 (1982).